```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

VICKY L. WESSON,              }
                              }
     Plaintiff,               }
                              }     CIVIL ACTION NO.
v.                            }     06-AR-1421-S
                              }
WALGREEN CO., et al.,         }
                              }
     Defendants.              }
```

## MEMORANDUM OPINION

Although fictitious parties are not recognized in federal procedure, they are regularly employed in Alabama state courts where the parties fully understand that a plaintiff can amend to actually name a defendant whose name is unknown at the time the complaint is filed, but whose name is subsequently ascertained. In the above-entitled case, it was apparent from the moment the case was initially filed in the Circuit Court of Jefferson County, Alabama, that plaintiff intended to complain not only against the corporate defendant that allegedly sold her the allegedly incorrect drug dosage, but also the individual pharmacist who had filled the prescription.  It would be unfair in the extreme not to allow plaintiff to amend as she could have in the state court.  The amendment in this court was timely and filed as a matter of right.  If plaintiff's amendment is allowed, as it must be, the court lacks jurisdiction under 28 U.S.C. § 1332, there not being complete diversity.

If the individual non-diverse defendant had been actually

named in the original complaint instead of fictitiously, and if the diverse corporate defendant had removed by alleging the fraudulent joinder of the non-diverse defendant and the notice of removal had been accompanied by the motion of the non-diverse defendant to dismiss, the motion would not have been granted, and the case would have been remanded, just as it will be under the existing indistinguishable circumstances.

    A appropriate separate order will be entered.

    DONE this 14th day of August, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE